UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
1:12-CV-10633-JLT

---

|  |  |
|---|---|
| MARK CREAN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) |
| V. | ) |
|  | ) |
| THE TOWN OF STOUGHTON; POLICE CHIEF | ) |
| THOMAS MURPHY; PAUL L. WILLIAMS; | ) |
| JOSEPH DESOUSA;  KEVIN LIMA | ) |
| AND OTHER YET TO BE          ) | ) |
| NAMED OFFICERS OF THE STOUGHTON | ) |
| POLICE DEPARTMENT. | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

---

## FIRST AMENDED COMPLAINT
and Jury Demand

The Plaintiffs, Mark R. Crean, alleges as follows:

## TABLE OF CONTENTS

I.     INTRODUCTION ...........................................................................................3

IL     THE PARTIES ..............................................................................................3

III.    JURISDICTION AND VENUE .....................................................................4

IV.    FACTUAL ALLEGATIONS...........................................................................5

V.     DAMAGES ...................................................................................................6

VI.    CAUSES OF ACTION ...................................................................................6

VII...........................................................................................................................

       FIRST COUNT
       42 U.S.C. § 1983
       Violations by Individual Defendants of Substantive Due Process Right...............6

SECOND COUNT
42 U.S.C. § 1983
Violation of the Fourth Amendment: Excessive Force and False Arrest................8

THIRD COUNT
Intentional Infliction of Emotional Distress.........................................................9

FOURTH COUNT
Negligence: Vicarious Liability...........................................................................10

FIFTH COUNT
Violation of Massachusetts Civil Rights Act, M.G.L. c. 12 §11I, 11J...................11

SIXTH COUNT
False Arrest and Imprisonment............................................................................12

SEVENTH COUNT
Battery..................................................................... …….13

EIGHTH COUNT
42 U.S.C. § 1983 Crean vs. Chief Thomas Murphy:
Failure to train, Supervise or Discipline…………………………………………14

NINTH COUNT
42 U.S.C. § 1983  CREAN VS. TOWN OF STOUGHTON
Municipal Liability: Acts of Policy Maker...........................................................16

TENTH COUNT
42 U.S.C. § 1983  CREAN VS. TOWN OF STOUGHTON
Municipal Liability:
Failure to Train, Supervise or Discipline..............................................................17


VIII.   JURY TRIAL DEMAND ……………………………………………… 20

## I.    INTRODUCTION

This is an action for damages brought pursuant to section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, seeking redress for violation, under the color of law, of rights guaranteed the plaintiffs under the federal Constitution and federal law. Plaintiff also asserts supplemental or ancillary state law claims.

## II.    PARTIES

A.    <u>Plaintiff</u>
1.    Plaintiff, Mark Crean, at the time of the acts and omissions alleged herein, was a resident  in the Town of Stoughton, Massachusetts.

B.    <u>Defendants</u>

2.    Defendant, Town of Stoughton ("Stoughton") is a municipal corporation chartered and existing under the laws and constitution of the Commonwealth of Massachusetts, but is not a "state" for the purposes of immunity under the Eleventh Amendment to the Constitution of the United States. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Paul L. Williams, Joseph Desousa and Thomas Murphy  at all times relevant to this complaint.

3.    Defendant Paul Williams ("Williams") is, and was at all times material hereto, an employee of the Stoughton Police Department for the Town of Stoughton and is, upon information and belief, a resident of eastern Massachusetts.

4.    Defendant Joseph Desousa ("Desousa") was at all times material hereto, an employee of the Stoughton Police Department for the Town of Stoughton and is upon information and belief, a resident of eastern Massachusetts.

5.      Defendant Kevin Lima ("Lima") was at all times material hereto, an employee of the Stoughton Police Department for the Town of Stoughton and is upon information and belief, a resident of eastern Massachusetts.

6.      Defendant Thomas Murphy, Chief of Police and an employee of the Stoughton Police Department for the Town of Stoughton, and is upon information and belief, a resident of eastern Massachusetts.

7.      Defendant Unknown Named Employee(s) of the Stoughton Police Department for the Town of Stoughton ("unknown Stoughton Police Officers") who were upon information and belief at all relevant times hereto, residents of eastern Massachusetts.

## III.   JURISDICTION AND VENUE

### A.   Jurisdiction

8.      The jurisdiction of this court is based on 28 U.S.C. §1331.

9.      This action arises under the Constitution of the United States, Amendment XIV, Section 1, as hereinafter more fully appears.

10.     With respect to state law claims made herein - whether common law or constitutional - jurisdiction is conferred by 28 U.S.C. § 1367(a), as added by the Judicial Improvements Act of 1990, Pub. L. 101-650, title III, Sec. 310(a), Dec. 1, 1990, 104 Stat. 5113.

### B.   Venue

11.     Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b), because upon information and belief, all the defendants reside in the same State and one or all of the defendants reside in the district.

## IV.   FACTUAL ALLEGATIONS

12.   On April 10, 2012 Crean was in his home located at 49 Plain Street, Stoughton, MA, with his three children.

13.   As the family watched television, police arrived at the front door.

14.   Among the Stoughton Police officers were defendants Williams and Desousa.

15.   Williams, Lima and Desousa and other Stoughton Police Officers forcibly entered Crean's home, smashing the front door inward to the room in which Crean's children were located.

16.   Stoughton Police forcibly entered Crean's home, and did so without a warrant.

17.   William, Lima and Desousa physically attacked Crean without cause or provocation.

18.   Crean was pushed to the floor, punched, kicked and choked by Williams, Lima and Desousa and other Stoughton police.

19.   Crean was handcuffed, and further injured by Williams, Lima and Desousa who slammed his head and body into the wall and door-frame.

20.   Crean was arrested and driven to the Stoughton Police Station where he was processed.

21.   Crean was then taken to the hospital while in police custody for treatment of the injuries that Stoughton Police including Williams and Desousa had inflicted.

22.   Subsequently, Crean complained about Williams, Lima and Desousa's conduct.

23.   Murphy failed to properly investigate the actions of Williams, Lima and Desousa or discipline them for their conduct.

24.     Murphy was at all time material hereto, Chief of Police for the Town of Stoughton. Further, Murphy:

(a)     Was Williams, Lima and Desousa's superior, responsible for training instruction, supervision and discipline;

(b)     Established and implemented policy and was responsible for hiring and firing;

(c)     Was aware of Williams' reputation, incidents of misconduct, and of prior complaints against him.

25.     Stoughton Police filed a criminal complaint against Crean in Stoughton District Court falsely charging him with assault and battery on a police officer.

26.     Defendants acted under color of law.

## V.     DAMAGES

27.     As a direct and proximate result of the acts and omissions of the defendants, Mark Crean has suffered severe and extreme emotional distress, including anxiety attacks.

28.     As a direct and proximate result of the acts and omissions of the defendants, Crean suffered injury to his head, neck and shoulders.


## VI.     CAUSES OF ACTION

<u>FIRST COUNT</u>
Crean vs. Williams, Lima and Desousa
42 U.S.C. § 1983
(14th Amendment Substantive Due Process)


29.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "28", supra.

30.     At all times relevant hereto, the conduct of the Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, as well as the 14th Amendment to the United States Constitution that provides:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law...

U. S. Const., Amend. XIV, § 1  (Emphasis supplied).

31.     On or about April 10, 2009, it was clearly established that "due process" under the Fourteenth Amendment provides that persons will be free from the use of excessive force and acts of physical brutality against their person.

32.     On April 10, 2009, Williams, Lima and Desousa, acting under color of law, deprived Crean of his right and privileges secured by the United States Constitution or by Federal law as the defendant intentionally forcefully entered his home without a warrant and subdued the Plaintiff by hitting him in the head and body in front of his children.

33.     Williams, Lima and Desousa then hand-cuffed him and falsely arrested him without probable cause.

34.     The force used by Williams, Lima and Desousa was excessive and amounted to punishment.

35.     Williams, Lima and Desousa's actions were so unreasonable as to shock the conscience.

36.     Defendants deprived Plaintiff of a right established by the Fourteenth Amendment, Due Process Clause.

37.     The deprivation of his constitutional rights alleged in paragraphs 29-36, supra.,

caused injuries to the Plaintiff of body and mind and has caused him to suffer damages.

<u>Request for Relief</u>

WHEREFORE, the plaintiff demands judgment for damages against all Defendants

jointly and severally, for actual, general, special, compensatory damages and punitive damages

in the amount of $200,000.00 with prejudgment interest, plus the costs of this action, including

attorney's fees, and for any other relief deemed to be just and equitable.

<u>SECOND COUNT</u>
42 U.S.C. §1983
Crean vs. Williams, Lima and Desousa
(Fourth Amendment: Excessive Force and False Arrest)

38.     Plaintiff incorporates by reference herein the averments set forth in paragraphs

"1" through "37", supra.

39.     At all times relevant hereto, the Defendants were required to conform their

conduct to the requirements of the Fourth Amendment as applied through the Fourteenth

Amendment.

40.     Defendants Williams, Lima and Desousa violated Crean's rights under the Fourth

Amendment as he seized the Plaintiff and used unreasonable and excessive force against him.

41.     Defendants Williams, Lima and Desousa violated Crean's rights under the Fourth

Amendment as he placed Crean under arrest without probable cause.

42.     Williams, Lima and Desousa's deprivation of Crean's constitutional rights alleged

in paragraphs 38-42, supra., caused injuries to the Plaintiff and has caused him to suffer

damages.

for Relief

WHEREFORE, the plaintiff demands judgment for damages against all Defendants jointly and severally, for actual, general, special, compensatory damages and punitive damages in the amount of $200,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

### THIRD COUNT
Crean vs. Williams, Lima and Desousa
(Intentional Infliction of Emotional Distress)

43.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "42", supra.

44.     Defendants Williams, Lima and Desousa, by their conduct toward Crean, demonstrated a reckless disregard towards Crean of the probability of causing emotional distress, for whom he was responsible in his position as a police officer for the Town of Stoughton.

45.     The defendant's acts and omissions including breaking down the door of Crean's home with his children inside, physically attacking and injuring Crean with blows to the head and a choke hold, and physically abusing him as he was incapacitated, arresting him without probable cause and  falsely imprisoning, constituted extreme and outrageous conduct.

46.     Williams, Lima and Desousa's conduct was beyond all possible bounds of decency and utterly intolerable in a civilized community.

47.     Their actions were the cause of Crean's distress and the distress sustained by Crean was severe and of a nature that no reasonable man could be expected to endure.

48.     As the actual and proximate cause of said misconduct, plaintiff suffered at the time and continues to suffer severe emotional distress, including fear, humiliation and anxiety.

<u>Request for Relief</u>

WHEREFORE, the plaintiff demands judgment for damages against Defendants, for actual, general, special, compensatory damages and punitive damages in the amount of $250,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

FOURTH COUNT
NEGLIGENCE
(Mass. Gen. Laws. ch. 258: Vicarious Liability for Negligence)

49.     Plaintiff,  incorporates by reference herein the averments set forth in paragraphs "1" through "48," supra.

50.     The individual Defendants alleged herein owed the Plaintiff, a duty to act reasonably in investigating, questioning, apprehending, arresting and detaining him while he was in their trust and custody.

51.     The individual defendants negligently breached the duty of care owed the Plaintiff, by:

(a) hitting Crean and choking him;

(b) forcibly entering his home without legal right;

(c) arresting him without probable cause;

52.     The individual defendants, in negligently breaching the duties alleged herein, by acts as alleged in paragraph 51, were acting as the agents and employees of the Town of Stoughton, in furtherance of the business of their employer and within the scope of their employment.

53.     Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the

defendant municipality has failed to make a reasonable settlement offer with respect to such

demand, and the necessary interval under the statute between the required demand and the

commencement of suit has passed.

54.     As a result of the negligent acts and omissions of the defendant, Stoughton, its

agents and servants, the Plaintiff has suffered damages, including severe emotional distress,

mental anguish, depression and anxiety, including a profound distrust and fear of law

enforcement, and was caused to suffer other damages that will be proved at trial.

Request for Relief

WHEREFORE, the plaintiff demands judgment for damages in the amount of $150,000.00,

with prejudgment interest and their costs, and for any other relief this Honorable Court

deems appropriate.

FIFTH COUNT
Crean vs. Williams, et al.
(MGL c. 12 § 11H & 11I Excessive Force; Lack of Probable Cause to Arrest)

55.     Plaintiff incorporates by reference herein the averments set forth in paragraphs

"1" through "54", supra.

56.     At all times relevant herein, the conduct of all Defendants were subject to the

Massachusetts Civil Rights Act, MGL c. 12 § 11H & 11I.

57.     Defendants interfered or attempted to interfere with Plaintiff's exercise and

enjoyment of his rights secured by the state and federal constitution or laws of the United States

and/or the Commonwealth of Massachusetts – Crean's:

        (a)     right to be free from unreasonable search and seizure;

        (b)     right to be free from arrest in the absence of probable cause to believe a

        crime has been committed;

(c)     right to be free from punishment without the due process of law;

(d)     right to receive necessary medical treatment while in the custody of the

police;

(e)     right to be free from malicious and sadistic physical abuse.

58.     Defendants deprived Crean of secured rights by threats, intimidation and

coercion, indeed extreme and excessive physical force.

59.     As a direct and proximate result of the conduct of the Defendants, Crean was

intimidated, humiliated and physically injured by the actions of Crean and suffered damages of

body and mind.


## Request for Relief

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for

actual, general, special, compensatory damages, and for punitive damages in the amount of

$150,000.00 with prejudgment interest, plus the costs of this action, including attorney's fees,

and for any other relief deemed to be just and equitable.

## SIXTH COUNT
### FALSE ARREST AND IMPRISONMENT
Crean vs. Williams et al.

60.     Plaintiff incorporates by reference herein the averments set forth in paragraphs

"1" through "59", supra.

61.     At all times relevant herein, (a) the Defendants acted with the intention of

confining Crean within fixed boundaries, (b) the act directly or indirectly resulted in

confinement, and (c) Crean was conscious of the confinement.

62.     Defendant Williams, Lima and Desousa imposed by force or threats an unlawful restraint upon plaintiff's freedom of movement, to wit by arresting and hand-cuffing his hands behind his back, transporting him to the Stoughton Police station where he was detained in a cell.

63.     Defendants arrested and imprisoned (detained) Crean without probable cause.

64.     As a direct and proximate result of the conduct of the Defendant, Crean suffered harm and damages including but not limited to the aforesaid damages.

65.     Defendants Town of Stoughton and Chief Murphy are liable under the doctrine of respondeat superior.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against all defendants for injunctive relief and actual, special and compensatory damages, attorney's fees and costs of the litigation in an amount deemed at time of trial to be fair, just and appropriate.

## SEVENTH COUNT
### BATTERY
Crean vs. Williams, et al.

66.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "65", supra.

67.     Without the consent of Crean, Defendants Williams, Lima and Desousa intentionally, harmfully, and offensively touched Crean by hitting him with the cruiser, dragging and forcefully pulling Plaintiff into a standing position, pulling at his earrings until blood came from his ears, and hand-cuffing him.

68.     As a direct and proximate result of the conduct of the Defendants, Crean suffered harm and damages including but not limited to the aforesaid damages.

69.     Defendants Town of Stoughton and Chief Murphy are liable under the doctrine of respondeat superior.

Prayer for Relief

WHEREFORE, Plaintiff demands judgment against all defendants for injunctive relief and for actual, special and compensatory damages, attorney's fees and costs of the litigation in an amount deemed at time of trial to be fair, just and appropriate.

EIGHTH COUNT
42 U.S.C. § 1983
Crean vs. Chief Thomas Murphy
Failure to Train, Supervise or Discipline

70.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "69", supra.

71.     The Defendant, Murphy, is here sued in his individual capacity. He was at all relevant times Williams, Lima and Desousa's supervisor responsible for the training, supervision and control of his subordinate.

72.     At all times relevant hereto, the Defendants were required to conform their conduct to the requirements of the Fourth, Eighth, and Fourteenth Amendments to the Constitution.

73.     Defendants Murphy, Lima and Williams and Desousa, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

74.     Defendant Williams, Lima and Desousa violated Crean's rights under the Fourth Amendment as he seized the plaintiff by using unreasonable and excessive force. Defendants

14

violated Crean's Eighth and Fourteenth Amendment rights when discriminated against him, abused him, and denied him necessary medical care.

75.     Defendant Murphy as his supervisor knew or should have known of the substantial risk Williams, Lima and Desousa posed for perpetrating a constitutional injury or civil rights violation against Crean or other members of the public, given Williams, Lima and Desousa's reputation and prior complaints of violative conduct, and personnel issues of control and conduct.

76.     Murphy has individual liability and is personally responsible for the constitutional violation of Williams, Lima and Desousa, because of his inaction to properly train, supervise, discipline and otherwise control Williams as his subordinate.

77.     Murphy's inaction with respect to Williams, Lima and Desousa's prior reputation and conduct, including failing to investigate,  and failure to properly train, supervise or discipline Williams, Lima or Desousa, placed them in a position that a reasonable person would have known posed substantial risk of violating the constitutional rights of members of the community.

78.     The inaction by Defendant Murphy was causally linked to Williams, Lima and Desousa's constitutional violations, and as a result, Crean suffered harm and damages including but not limited to the aforesaid damages.

<u>Prayer for Relief</u>

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages, and for punitive damages in the amount of $250,000.00

with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

## NINTH COUNT
### 42 U.S.C. §1983 CREAN VS. TOWN OF STOUGHTON
### Municipal Liability - Chief Murphy

79.     Plaintiff incorporates by reference herein the averments set forth in paragraphs "1" through "78", supra.

80.     At all times relevant hereto, the conduct of all Defendants was subject to 42 U.S.C. § 1983, 1985, 1986 and 1988, as well as the 14th Amendment to the United States Constitution.

81.     The Defendant, Chief Thomas Murphy was at all times relevant hereto responsible for the administration of the Stoughton Police Department, including training, supervision and disciplinary decisions with respect to his police officers.

82.     Defendant Murphy was a policymaking official for the Stoughton Police Department and as Chief of Police had the authority discipline subordinate officers including discharge from employment.

83.     As Chief of Police, Murphy was responsible for the general supervision and monitoring of his officers and for the administration of training and discipline.

84.     Murphy knew or should have known that Williams, Lima and Desousa posed a substantial risk to the community, and failed to train, supervise or discipline him.

85.     Murphy knew or should have known Williams, Lima and Desousa's prior misconduct and failed to discharge or otherwise discipline him.

86.     Murphy was in this capacity a policy maker, and his acts and omission were made within the scope of his duty and authority.

87.     Williams, Lima and Desousa's civil rights violations, alleged herein, resulted

from Muphy's acts which represented official policy; that is the policy of the municipality, Town

of Stoughton.

88.     As a direct and proximate result of the conduct of the Defendants, Crean was

intimidated, humiliated and physically injured and suffered injuries of body and mind.

Request for Relief

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for

actual, general, special, compensatory damages in the amount of $250,000.00, with prejudgment

interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to

be just and equitable.


TENTH COUNT
42 U.S.C. §1983 CREAN VS. TOWN OF STOUGHTON
Town of Stoughton - Failure to Train, Supervise or Discipline

89.     Plaintiff incorporates by reference herein the averments set forth in paragraphs

"1" through "88", supra

90.     The Defendant, Town of Stoughton, was at all times relevant hereto, the employer

of Williams, Lima and Desousa. As such, Stoughton was responsible for the training, supervision

and discipline of its employees.

91.     At all times relevant hereto, the Defendants were required to conform their

conduct and administration to the requirements of the Fourth, Eighth, and Fourteenth

Amendments to the Constitution.

92.     Defendants at all times relevant hereto, were acting "under color of law" within

the meaning of section one of the Ku Klux Klan Act of April 20, 1871, R. S. 1979, 17 Stat. 13,

presently codified at 42 U.S.C. § 1983.

93.     Defendant, Town of Stoughton, violated Crean's rights under the constitution when it failed to train, supervise and discipline its employees Williams, Lima and Desousa in areas in which Williams, Lima and Desousa eventually blatantly violated the civil rights of the Plaintiff, including:

(a)     The proper interaction and restraint with members of the public and possible suspects;

(b)     The proper interaction and treatment of individuals under arrest and in custody.

(c)     The warrant requirement;

(d)     The proper protocol concerning the evaluation of detainee's medical needs and seeking medical treatment.

94.     Williams, Lima and Desousa, violated the Fourth Amendment as he seized the Plaintiff by using unreasonable and excessive force. They violated Crean's Eighth and Fourteenth Amendment rights when they forcibly entered Crean's home without sufficient legal authorization, abused him, and denied him necessary medical care.

95.     Defendant, Town of Stoughton knew or should have known of the substantial risk Williams, Lima and Desousa posed for perpetrating a constitutional injury or civil rights violation against Crean or other members of the public, give their reputation and prior complaints of violative conduct, and personnel issues of control and conduct.

96.     The Town of Stoughton was grossly negligent and showed deliberate indifference in its failure to train, monitor, supervise and discipline officers Williams, Lima and Desousa for acts and omissions that it knew or should have known were likely to lead to deprivations of civil rights.

97.    The Defendant's inaction with respect to Williams, Lima or Desousa's prior reputation and conduct, including failing to investigate,  and failure to properly train, supervise or discipline them, placed them in a position that a reasonable person would have known posed substantial risk of violating the constitutional rights of members of the community.

98.    The inaction of the Town of Stoughton was causally linked to Williams, Lima and Desousa's constitutional violations, and as a result, Crean suffered harm and damages including but not limited to the aforesaid damages.


### Prayer for Relief

WHEREFORE, the Plaintiff demands judgment for damages against Defendants for actual, general, special, compensatory damages in the amount of $250,000.00, with prejudgment interest, plus the costs of this action, including attorney's fees, and for any other relief deemed to be just and equitable.

VII.                          JURY DEMAND

       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands

trial by jury on all claims subject to trial by jury pursuant to the right preserved by the Seventh

Amendment to the Constitution of the United States.


                          Respectfully submitted,
                          Mark R. Crean
                          By his attorney,


                          __/s/ John McK. Pavlos_____
                          John McK. Pavlos, BBO #641113
                          LAW OFFICE OF JOHN MCK. PAVLOS
                          120 Torrey Street
                          Brockton, MA 02301
                          Tel: (508) 894-0050
                          Fax: (508) 894-0051
                          Email: johnpavlos@aol.com